IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTHONY CARLTON DUNLAP, SR.,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

OPINION and ORDER

25-cv-391-jdp

---

Anthony Carlton Dunlap, Sr., proceeding without counsel, seeks habeas relief under 28 U.S.C. § 2241, contending that his sentence under the Armed Career Criminal Act (ACCA) was unconstitutional because the court waited until ACCA law had changed to sentence him.

Dunlap is a prisoner in the custody of the Federal Bureau of Prisons currently housed at United States Penitentiary-Terre Haute.[1] He was convicted of bank robbery and unlawful possession of a firearm as a previously convicted felon. *Dunlap v. United States*, No. 17-03016-01 (W.D. Mo.). Dunlap then unsuccessfully pursued relief under 28 U.S.C. § 2255. *Dunlap*, 2020 WL 6797020, at *1 (W.D. Mo. Jan. 13, 2020). Now Dunlap seeks habeas relief under § 2241, contending that his sentencing court misconstrued his § 2255 motion and that he received ineffective assistance of counsel in pursuing § 2255 relief.

I will deny Dunlap habeas relief for two reasons. First, only in rare cases a prisoner can challenge his conviction or sentence with a § 2241 petition, instead of a § 2255 petition, through the so-called "savings clause" contained in the Antiterrorism and Effective Death

---

[1] Dunlap was imprisoned at the Federal Correctional Institution in Oxford, Wisconsin, when he filed his petition. This court retains jurisdiction over the petition. *See In re Hall*, 988 F.3d 376, 377 (7th Cir. 2021) ("[A] prisoner's transfer from one federal facility to another during the pendency of a habeas corpus proceeding does not affect the original district court's jurisdiction.").

Penalty Act, 28 U.S.C. § 2255(e). But a prisoner may use the savings clause only if a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *Id.* The circumstances in which the savings clause applies are narrow and "cover[] unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court" in a § 2255 motion. *Jones v. Hendrix*, 599 U.S. 465, 474 (2023) (giving examples such as the dissolution of the sentencing court). Dunlap has already unsuccessfully sought § 2255 relief. His dissatisfaction with his sentencing court's ruling on his previous § 2255 motion and likely bar on filing a second § 2255 motion are not reasons supporting the use of the savings clause to obtain relief under § 2241. *See Jones*, 599 U.S. at 471; *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002).

Second, Dunlap cannot bring a habeas claim for ineffective assistance of counsel in his § 2255 proceedings because he did not have the right to effective counsel in those proceedings. *Rauter v. United States*, 871 F.2d 693, 695 (7th Cir. 1989).

ORDER

IT IS ORDERED that:

1. Petitioner Anthony Carlton Dunlap's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.
2. All pending motions are DENIED as moot.

3. The clerk of court is directed to enter judgment and close this case.

Entered November 18, 2025.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge